UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DOMINICK SIANI,

                       Plaintiff(s),                **ORDER**
                                                                                        CV09-407 (JFB)(WDW)

       -against-
SUNY FARMINGDALE, et al.,

                       Defendant(s).
-------------------------------------------------------------------X

**WALL, Magistrate Judge:**

      Before the court is the plaintiff's motion to compel responses to certain demands in his requests to admit and document demands. DE[14]. The motion is opposed by the defendants DE[17]. For the reasons set forth herein, the motion is **DENIED**. The defendants are directed to file a more detailed objection to Request 3 in Plaintiff's Supplemental Request for Production of Documents #2, as discussed *infra*, and the parties are ordered not to serve any additional Requests to Admit until fact discovery has closed.

<u>Requests to Admit</u>

      At issue on this motion are several requests from the plaintiff's First Set of Requests for Admissions, dated July 23, 2009. As a threshold issue, I note that the use of Requests for Admissions at this stage of a litigation is not desirable. Such requests are best used to narrow issues for trial, not to "discover" information. As one court has held, the fundamental purpose of Rule 36 is "to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.,* 174 F.R.D. 38, 42 (S.D.N.Y. 1997). Its purpose is not to provide a means of bypassing traditional discovery devices or of avoiding limitations on such devices, such as the interrogatory

and deposition limits in this District. The court recognizes that the parties agreed, in their joint proposed Discovery Plan, that "Requests for Admissions May Be Served During Discovery at the Discretion of the Parties," and the court accepts their agreement for the purposes of this motion, although further use of Requests to Admit is limited, as set forth *infra*.

Request to Admit 12 asked the defendants to admit that "at a meeting on January 11, 2008 (involving Plaintiff and Defendant Greenwald), Plaintiff informed Defendant Greenwald of his concerns over ongoing age discrimination and his belief that Defendant Blossom was being given preferential treatment with respect to aspiring to the position of Business Management Department Chair, all to the detriment of Plaintiff." The defendants object on the ground that Siani is asking Greenwald to admit to "selected statements from a lengthy conversation that, when considered in isolation, do not take into account the full context of the conversation." Dee DE[17] at 3 (citing cases). I agree with the defendants' objection, and note further that a properly drafted Request to Admit will ask that a party admit or deny one straightforward fact per paragraph so that it can be admitted or denied without explanation. *See Dubin v. E.F. Hutton Group,* 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989) ("[E]ach request for admissions must be direct, simple and limited to singular relevant facts so that it can be admitted or denied without explanation.") (internal citations omitted). There are far too many "facts" alluded to in Request 12 to allow for a simple yes or no. The motion is denied as to Request 12.

Request 13 is also objectionable. Like 12, it refers to "selected statements" from a longer conversation and is, in addition, ambiguous - it is not clear whether Siani wants the defendants to admit that he referred to "opportunities" that had been given to defendant Blossom and not to him, or to admit that they had offered Blossom and not Siani such opportunities, two very

different things.

Request 14 is slightly more straightforward, asking defendant Greenwald to admit that at the meeting on January 11, 2008, she "agreed that she would review Plaintiff's professional growth plan and provide feedback and comments shortly." Although this request is narrower than 12 and 13, it still may not be answerable by a simple yes or no, and the court accepts the defendants' argument that it is objectionable. The court notes that it is a question more suited to a deposition, where the back and forth would allow the deponent to qualify the answer.

Request 15 asks the defendants to admit that "the professional growth plan is an important document used at SUNY Farmingdale in evaluating faculty performance for reappointment, tenure and promotion." The defendants object on two grounds, arguing that the word "important" is vague, ambiguous, and "susceptible to different interpretations depending on how each Defendant subjectively prioritizes the document." DE[17] at 3. I agree that the word "important" is vague and/or ambiguous and susceptible to varied interpretations and the objection stands. The defendants also argue, correctly, that the request is not limited to a "singular relevant fact, as is required," because the professional growth plan may or may not be "important" at three distinct stages - reappointment, tenure and promotion." *Id.*

Request 61 asks for an admission that certain legal fees were paid by the defendants "without obtaining the required authorizations to incur outside legal services." Request 62 asks for an admission that several of the defendants are "aware that legal services were retained from the firm Certilman Balin Adler & Hyman, LLP by the Farmingdale College Foundation for matters involving Plaintiff." Request 63 asks for an admission that defendants Rooney and LaRosa had "conversation and/or meetings with Douglas E. Rowe (a partner in the law firm

Certilman Balin Adler & Hyman, LLP on April 24-26, 2006 involving matters pertaining to Plaintiff." The defendants object on relevance grounds, an objection which I sustain. Further, to the extent that Request 63 seeks information about the substance of a conversation, it is objectionable on attorney client and/or work product privilege grounds.

Request 68 seeks an admission that defendant Kahn was involved in a lawsuit against Fairfield University that made claims under the ADEA and state law. The defendants object on relevance grounds, and I agree. Professor Kahn's lawsuit has nothing to do with Siani's claims in this one, and the suggestion that it made her more expert in ADEA claims is questionable, to say the least.

Request 88 seeks an admission that "as of August 21, 2008, Prof. Charles Adair was 67 years of age and in the age protected category established by the ADEA (40 years of age or older)." The defendants argue that the request seeks an impermissible admission of law. Although requests can seek the admission of the application of law to the facts of the case, they should not seek admissions as to pure conclusions of law. Here, the defendants admitted that Professor Adair was, according to their records, 67 as of August 21, 2008. They did not admit that he was thus in the age protected category of the ADEA. While there are arguments to be made on both sides as to whether the request seeks a legitimate application of the law to the facts of this case, the court is disturbed by another aspect of the request - that it is totally unnecessary and a waste of the defendants' and the court's time. The motion is denied as to each of the Requests to Admit.

Rule 34 Requests

Request 7 in the plaintiff's Supplemental Request for Production of Documents #1 states:

"Relating to the chair designation process currently in progress in the Business Management Department (application deadline May 18, 2009), produce all documents related to the designation process, including those document submitted by each candidate applying for such position." The defendants object on the ground of relevance, noting that the chair designation process is not an issue in this litigation, and that the plaintiff, who has applied for the position, is inappropriately "fishing" for information about the other candidates. The court agrees, and finds the plaintiff's argument that it is "inconceivable that a relevancy objection can be asserted on information that is so critical to this action" is unavailing. The plaintiff alleges "major deviations" from past practice and suggests that these deviations are critical to his retaliation claims. The court, however, has no basis for finding any deviations and sees no relevance at this time to a retaliation claim. If deposition or interrogatory answers sustain plaintiff's deviation allegations, perhaps some discovery about the chair designation process will be appropriate at a later time. It is unlikely, however, that "<u>all</u>" documents regarding that process, which, if there were other applicants, would include personal information about non-parties, would be discoverable. The motion is denied in regard to Request 7.

Request 1 in Plaintiff's Supplemental Request for Production of Documents #2 states: "Referring to Defendant Rooney's e-mail logs (relevant pages identified herein as Exhibit 1 and by Plaintiff's FRCP Rule 34 bate stamp document numbers), produce all documents (including electronic attachments) related to the highlighted entries which appear on bate stamp document #'s . . . [listing 30 numbers]." The defendants argue that, although they questioned their relevance, they produced all emails from 21 of the 30 referenced pages, and some of the emails from another 3 pages. The remaining emails were not produced on the ground that they are

5

irrelevant.  The plaintiff now seeks 7 specific emails, all of which the defendants say are irrelevant, concerning such topics as an IT disaster plan, a reminder to defendant Rooney of a meeting unrelated to this lawsuit, a letter to Smith Barney, downloading music, and a counseling memo to a non-party.  Such topics are clearly irrelevant to this lawsuit.  The plaintiff asks that the emails be produced for in-camera review, but the court sees no need for such review.  The court will, however, require the defendants to describe the seven unproduced emails in a formal response to the demand if they have not already done so, with the same level of detail used in their opposition to this motion.

Request 3 in Plaintiff's Supplemental Request for Production of Documents #2 states: "Referring to Defendants' FRCP Rule 34 document production bate stamp document #3842 (attached hereto as Exhibit III), produce all the documents contained in the file that was 'picked up [. . .] from the President's office.'  **Note:** If such records have already been produced, identifying each document contained therein by its respective bate stamp number will satisfy this request."  The defendants responded that they did not recall what specific documents were picked up from the President's office, a reasonable response given the thousands of pages of documents they have produced in connection with this litigation and the plaintiff's FOIL requests and FOIL litigation now pending in state court.  The court finds the objection to be perfectly reasonable, and the request to be vague.  To the extent that the plaintiff now believes that he "is able to identify . . . the exact information that is being sought," he is free to make a new, more specific request.

The motion is denied in all regards for the reasons set forth.  I feel compelled to note, further, that the scope of the plaintiff's discovery demands is troubling.  This motion references

two supplemental document demands, presumably following the original document demand. the defendants note that the Requests to Admit consisted of 214 paragraphs and that they have produced in excess of 12,000 pages to date, in addition to answering interrogatories. The plaintiff has also filed multiple FOIL requests. While I am well aware of the generosity with which the court treats pro se litigants, I note that Mr. Siani is an educated, intelligent man who is capable of discerning the line between relevance and harassment and he is perilously close to crossing that line, if he has not already done so. He is advised to keep this in mind as he conducts further discovery and to be aware that sanctions can be imposed for discovery abuses. Along those lines, the parties' agreement to allow the use of Requests to Admit at their own discretion notwithstanding, they are ordered not to use that device again until after fact discovery has closed, if ever. Much of the information that the plaintiff wants is more readily obtainable in depositions and interrogatories.

Dated: Central Islip, New York
October 7, 2009

**SO ORDERED:**

 /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge