# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

№ 09-CV-407 (JFB) (WDW)

---

DOMINICK J. SIANI,

Plaintiff,

VERSUS

STATE UNIVERSITY OF NEW YORK AT FARMINGDALE, ET. AL.,

Defendants.

---

**MEMORANDUM AND ORDER**
June 28, 2011

---

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Dominick J. Siani (hereinafter "Siani" or "plaintiff") brought this action against the State University of New York at Farmingdale, W. Hubert Keen, Beverly L. Kahn, Lucia Cepriano, Lorraine Greenwald, Francine Federman, Kevin C. Rooney, Dudley Blossom, Daniel S. Marrone, Kenneth F. O'Brien, Annette Wanderer, and Linda Calderone (collectively "defendants"), alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, the Fourteenth Amendment, as well as various claims under New York state law.

Pending before the Court is plaintiff's motion, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, to set aside or modify the August 10, 2010 Discovery Order of Magistrate Judge William D. Wall (hereinafter the "Order"), which denied plaintiff's motion for an adverse inference based on defendants' alleged spoliation of electronic records. Specifically, Magistrate Judge Wall held that: (1) the duty to preserve documents arose before the defendants initiated efforts to preserve material in July of 2008 so that the duty to preserve was breached; (2) the defendants were negligent in failing to preserve documents and thereby acted with a culpable state of mind; but (3) plaintiff failed to demonstrate that any unpreserved documents were either relevant or favorable to the claims he alleges against defendants.

For the reasons set forth below, this Court finds no error in the thorough and well-reasoned Order issued by Magistrate Judge Wall and, therefore, plaintiff's motion is denied.

I. BACKGROUND

A. The August 10, 2010, Order

On March 15, 2010, plaintiff moved, pursuant to Federal Rule of Civil Procedure 37(e)[1], for an adverse inference finding based on defendants' alleged failure to implement and effectively carry out a litigation hold, which allegedly resulted in the spoliation of electronic documents. Specifically, plaintiff asserted that defendants had a duty to preserve all relevant documents as early as January of 2008, but a formal litigation hold was not put in place until August of 2008. (Pl.'s Br. at 3, 4.) Plaintiff further argued that the defendants were grossly negligent in making "no effort" to enforce the litigation hold, and thereby acted with a culpable state of mind. (*Id*. at 6, 8.) As proof of the failure to preserve documentation, plaintiff pointed to: (1) gaps in e-mail activity logs for non-party George LaRosa ("LaRosa"), non-party Marybeth Incandela ("Incandela"), defendant Dudley Blossom ("Blossom"), and defendant Hubert Keen ("Keen"); and (2) Kevin Rooney's ("Rooney") failure to back up e-mails and suspend routine destruction of electronic files. (*Id*. at 6-7, 11.) Finally, plaintiff asserted that defendants acted in bad faith by destroying documents when there was a litigation hold in place and that, as a result, it could be inferred that the unpreserved documents would have been relevant and favorable to plaintiff's claims. (*Id*. at 10-11.)

On March 15, 2011, defendants countered that their litigation hold was set at the appropriate time. (Defs' Br. at 4-10.) They further argued that they did not act with a culpable state of mind because they took a number of steps to ensure that documents were preserved, including backing up e-mails of "key players" and "repeated written and oral directives regarding the Defendants' preservation duty." (*Id*. at 11.) Finally, defendants asserted that some of the individuals whose e-mail logs had gaps did not have a duty to preserve documents as early as plaintiff suggested because there was no wrongdoing attributed to them in plaintiff's EEOC complaint and, in any event, that plaintiff failed to demonstrate that any unpreserved emails were somehow relevant or favorable to him. (*Id*. at 12-14.)

On April 8, 2010, Magistrate Judge Wall ordered that Incandela, Rosa, Keen, Blossom, and Rooney submit affidavits to the court regarding their deletion of electronic files, which were received and considered by Magistrate Judge Wall. On April 22, 2010, plaintiff submitted a letter supplementing his memorandum of law on the adverse inference issue. A spoliation hearing was held before Magistrate Judge Wall on July 27, 2010.

By Order dated August 10, 2010 (Docket No. 51), Magistrate Judge Wall denied plaintiff's motion for an adverse inference. Magistrate Judge Wall made the following rulings: (1) "the defendants should reasonably have anticipated litigation at the latest as of the end of March 2008," when Siani stated in a letter to Keen that he was prepared to proceed "within the prescribed legal process," and therefore the defendants should have

---

[1] Plaintiff made the motion to Magistrate Judge Wall under Federal Rule of Civil Procedure 37(e), which states that a court may not impose sanctions on a party for documents "lost as a result of the routine, good-faith operation of an electronic information system." It is apparent that plaintiff intended to make the motion pursuant to Federal Rule of Civil Procedure 37(b), which permits an adverse inference finding where a party has failed to comply with a discovery order.

2

"started a litigation hold as to those parties who would most likely be defendants in a lawsuit" instead of waiting until July of 2008 so that the duty to preserve documents was breached (*id*. at 11, 14); (2) defendants made efforts to implement and enforce litigation holds, with in-house counsel "issuing two or three litigation hold directives," but failed to halt routine deletion procedures so that defendants did not act in bad faith or with gross negligence, but simply acted negligently in overseeing the preservation process and the culpable state of mind requirement was thus satisfied (*id*. at 15-16); but (3) Siani did not present extrinsic evidence suggesting that the unpreserved documents would likely have been relevant or favorable to his claims so that plaintiff was not entitled to an adverse inference (*id*. at 16-17.)

### B. Procedural History

On August 23, 2010, plaintiff appealed the Order denying his motion for an adverse inference. On September 2, 2010, defendants filed their opposition to plaintiff's appeal. The Court fully considered the arguments and submissions of the parties and on August 10, 2010, the Court ruled from the bench, affirming the Order and advising the parties that the Court would issue a written opinion explaining its reasoning. The Court affirms the Order for the reasons set forth below.

### II. Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure states that a district court shall set aside a discovery order of a magistrate judge only when it has been shown that the magistrate's order is "clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Indeed, it is well settled that "[a] magistrate judge's resolution of discovery disputes deserves substantial deference." *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001); *see also Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 124 F.R.D. 75, 77 (S.D.N.Y. 1989) ("[I]n resolving discovery disputes, the Magistrate is afforded broad discretion, which will be overruled only if abused." (quotation omitted)).

### III. Discussion

The Court finds no grounds to disturb Magistrate Judge Wall's Order and concludes that it is both legally and factually correct.[2]

---

[2] Although in his motion to Magistrate Judge Wall plaintiff solely requested that an adverse inference finding be made, on appeal he requests, in the alternative, that this Court impose a cost-shifting monetary sanction and "consider imposing fines for counsel's gross negligence." (Pl.'s App. Br. at 25.) As an initial matter, "[a]n argument raised for the first time on appeal is typically forfeited." *Katel Ltd. Liab. Co. v. AT&T Corp.*, 607 F.3d 60, 68 (2d Cir. 2010). Plaintiff does not explain in his brief why he failed to raise these alternate forms of relief before Magistrate Judge Wall. Further, plaintiff's brief on appeal focuses entirely on the adverse inference charge, solely referencing the alternative requests for relief at the very end. In any event, this Court concludes that imposing a fine on defendants is not appropriate because this Court affirms the Order for the reasons set forth below. To the extent plaintiff is seeking to "[e]xtend discovery . . . on the cross-referencing process performed by Defendants just prior to the spoliation hearing and credited by the Court as a mitigating factor" (Pl.'s App. Br. at 24), plaintiff had the opportunity to question witnesses at the spoliation hearing about the cross-referencing process. It is also apparent that the cross-referencing was just one factor that Magistrate Judge Wall considered in evaluating the credibility of Incandela, LaRosa, and Keen so that even if the cross-referencing process was not

Siani does not dispute the Order's holding that defendants had a duty to preserve documents as of March 2008. Nor does Siani dispute that the defendants acted with a culpable state of mind. Instead, Siani contests Magistrate Judge Wall's determination that he failed to demonstrate that the unpreserved material was relevant and favorable to his claims. Siani essentially argues that because defendants allegedly acted with gross negligence and in bad faith–even though Magistrate Judge Wall concluded that they had not–this Court should infer that the unpreserved material would be relevant and favorable to Siani's position. This Court disagrees with Siani. Magistrate Judge Wall's determination that the defendants merely acted negligently, rather than in bad faith or with gross negligence, was not clearly erroneous or contrary to established law. Moreover, this Court concludes that there was no factual or legal error in any other portion of Magistrate Judge Wall's analysis.

A spoliation inference is available if: (1) relevant evidence is destroyed, (2) with culpability, (3) when the defendant was under a duty to preserve the evidence. *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 107-09 (2d Cir. 2001) (quoting *Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998)). Ordinary negligence is sufficient for a finding of a culpable state of mind. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003). "[T]he party seeking an adverse inference must adduce sufficient evidence from which a reasonable trier of fact could infer that the destroyed or unavailable evidence would have been of the nature alleged by the party affected by its destruction." *Scalera v. Electrograph Sys., Inc.*, 262 F.R.D. 162, 178 (E.D.N.Y. 2009) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108-09 (2d Cir. 2002)). Relevance may be inferred from a sufficiently culpable state of mind such as where documents were destroyed in bad faith or under "some circumstances" where defendants were grossly negligent in destroying documents. *See Residential Funding*, 206 F.3d at 109. Relevance may also be established through extrinsic evidence tending to show that the missing evidence would have been relevant and favorable to the moving party. *See Id.*; *Scalera*, 262 F.R.D. at 178.

As noted above, the gravamen of the dispute is over whether Siani sufficiently demonstrated that the unpreserved documents would be relevant and favorable to him. Siani does not argue that he presented extrinsic evidence tending to show that the unpreserved documents would have been relevant and favorable to his case. For example, Siani could have put forward some favorable documents he obtained through discovery from the individuals who did not preserve all of their documents. *See, e.g., Chan v. Triple 8 Palace, Inc.*, No. 03CIV6048 (GEL)(JCF), 2005 WL 1925579, at *8 (S.D.N.Y. Aug. 11, 2005). Instead, Siani argues that defendants were grossly negligent and acted in bad faith in failing to preserve documents, so that Magistrate Judge Wall should have inferred that missing documents would have been relevant and favorable to plaintiff. This Court concludes that Magistrate Judge Wall did not clearly err in concluding that defendants were merely negligent and did not act in bad faith.

With respect to the determination that the defendants did not act in bad faith, Magistrate

---

accurate, this Court would not disturb Magistrate Judge Wall's ruling. (Docket No. 51 at 5-6, 13-14.) Thus, the Court solely addresses plaintiff's request for an adverse inference charge.

4

Judge Wall was in the best position to assess the credibility of Blossom, Keen, Rooney, Incandela and LaRosa, all of whom testified at the spoliation hearing, and Magistrate Judge Wall credited their explanations for why emails were deleted.[3] (Docket 51 at 5-8, 13-14 (noting, for example, LaRosa's demeanor during testimony indicating LaRosa was "surprised" that an e-mail log entry that seemed relevant to the litigation represented an e-mail that he deleted).) In light of their testimony, Magistrate Judge Wall concluded that documents were deleted "in the context of routine clean-up procedures" that were not suspended after the litigation hold was put in place. (Docket No. 51 at 16.) This determination was not clearly erroneous or contrary to established law. *See, e.g., Vega v. Walsh*, No. 06-cv-6492 (ARR)(JO), 2010 WL 2265043, at *4 (E.D.N.Y. May 28, 2010) ("As the government notes, the Magistrate Judge's credibility determination is entitled to considerable deference." (citing *Jordan v. Lefevre*, 293 F.3d 587, 594 (2d Cir. 2002)); *Taveras v. City of New York*, No. 06 CV 3807(SJ), 2008 WL 5062334, at *3 (E.D.N.Y. Apr. 22, 2008) ("The Court finds that, although the representations made by Defendant's counsel with respect to the availability of the NYPD Patrol Guide raise some potentially serious ethical questions, [Magistrate] Judge Levy's decision must be given deference under the circumstances. First, Plaintiff's argument is based on what he perceives to be his adversary's lack of credibility. Given that it was Judge Levy who conducted the various hearings on this issue, and therefore was able to evaluate both parties' credibility directly, his decision should be given considerable weight. This Court, on the other hand, was not present for the hearings and would have to rely strictly on the written record in order to determine whether or not Defendant's counsel was acting in good faith.")

Nor will this Court disturb Magistrate Judge Wall's finding that defendants solely acted negligently, rather than with gross negligent. It is evident that defendants did take some steps to implement a litigation hold. Magistrate Judge Wall concluded that Rooney implemented two backups, issued two or three litigation hold directives, and credited Rooney's testimony that he continued to remind the "relevant parties" to preserve documents. (Docket No. 51 at 16.) In light of these steps and the determination that the defendants did not act in bad faith, Magistrate Judge Wall concluded that defendants' imperfect efforts to implement a litigation hold did not rise to the level of gross negligence. *Cf. Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. Supp. 2d 456, 476-77, 479-80 (S.D.N.Y. 2010) (finding gross negligence where plaintiffs did not implement a litigation hold for two years after the case was transferred to the Southern District of New York and where they blatantly failed to request documents from key players, took no steps to preserve documents knowing there was a litigation hold and submitted misleading and inaccurate declarations). The Court concludes that this determination was not a clearly erroneous determination.[4] *See, e.g., Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985) ("Where there are two permissible

---

[3] Magistrate Judge Wall concluded that the files of Blossom and Rooney were not missing any documents so that there were no documents made unavailable to plaintiff. (Docket No. 51 at 12.)

[4] Even if this Court were conducting a *de novo* review of the Order, this Court would nevertheless affirm the Order for the reasons set forth above and in the Order.

5

views of the evidence, the factfinder's choice between them cannot be clearly erroneous."); *Palmer v. Monroe Cnty. Sheriff*, 378 F. Supp. 2d 284, 288 (W.D.N.Y. 2005) (same).

IV. CONCLUSION

Accordingly, for the reasons set forth above, plaintiff's motion seeking to set aside the August 10, 2010 Discovery Order of Magistrate Judge Wall is denied.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 28, 2011
      Central Islip, New York

\* \* \*

Plaintiff is proceeding *pro se*. The attorneys for defendants are John L. Belford, IV, Esq., and Patricia M. Hingerton, Esq., State of New York, Office of Attorney General, 300 Motor Parkway, Suite 205, Hauppauge, N.Y. 11788.